IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DONALD RAY KIMBROUGH | § | |
| v. | § | CIVIL ACTION NO. 6:12cv696 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Donald Kimbrough, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Kimbrough stated that he was convicted of the disciplinary offenses of threatening an officer and creating a disturbance, for which he received punishments of reduction in classification status, 45 days of cell and commissary restrictions, and the loss of 150 days of good time credits. Kimbrough acknowledged that he was not eligible for mandatory supervision, by checking the box labeled "no" in response to a question on the form about mandatory supervision; he also states in his petition that he is serving an aggravated sentence, which renders him ineligible for release on mandatory supervision under Texas law. The online records of TDCJ show that Kimbrough is serving a sentence for murder, which also renders him ineligible for release on mandatory supervision. *See* Tex. Gov. Code art. 508.149(a).

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge stated first that Kimbrough's due process claims were foreclosed by Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995), because Kimbrough did not show that the punishments imposed upon him violated any constitutionally protected liberty interests. Next, the Magistrate Judge determined that Kimbrough's contention that he had received the disciplinary case in retaliation for his telling another inmate about the prison grievance procedure lacked merit because the claim was entirely speculative and conclusory. Finally, the Magistrate Judge observed that although Kimbrough complained that he was not allowed to attend the hearing, he acknowledged that he chose to shower instead. The Magistrate Judge thus recommended that Kimbrough's petition be dismissed and that Kimbrough be denied a certificate of appealability *sue sponte*.

In his objections to the Magistrate Judge's Report, Kimbrough argues that a disciplinary report was written on him because he told another inmate that he, the other inmate, could seek redress through the grievance procedures. He says that he was removed from his cell in handcuffs and assaulted, his request for witnesses was denied, and he was not allowed to attend the disciplinary hearing or a later classification hearing, all of which Kimbrough argues are violations of constitutionally protected liberty interests.

As the Magistrate Judge explained, the nature of the deprivation forms the operative interest involved. See Sandin, 115 S.Ct. at 2300. The deprivations imposed upon Kimbrough did not exceed his sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of their own force, nor did they impose atypical and significant hardships upon him in relation to the ordinary incidents of prison life. Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Thus, these punishments did not implicate any constitutionally protected liberty interests.

Kimbrough's objections on this point are without merit.[1]

Similarly, the Magistrate Judge observed that Kimbrough asserted that he received the disciplinary case in retaliation for his informing another inmate of the right to file grievances, and that some cases have held that when a habeas petition raises retaliation claims, these claims should be analyzed to determine if they set out any potential claims under 42 U.S.C. §1983. In this case, however, the Magistrate Judge stated that Kimbrough offered no facts whatsoever to substantiate his contention that he had been the victim of retaliation, but merely presented a bald and conclusory assertion that he had been the victim of retaliation, which is not sufficient to sustain a retaliation claim under Section 1983. *See* Mohwish v. Yusuff, 298 F.3d 718, 2000 WL 283164 (5th Cir., February 1, 2000) (habeas petitioner failed to state a retaliation claim where there was no showing that a retaliatory motive was the but-for cause of the disciplinary charge). In his objections, Kimbrough simply repeats the unsupported assertion that the disciplinary charge had a retaliatory motive, without offering any facts to support the claim. Kimbrough's objection on this point is without merit.

Next, Kimbrough argues that the prison officials "failed to adhere to their own rules and policies," arguing that once agencies issue rules and regulations, they must abide by them. However, the Fifth Circuit has held that a violation of prison rules alone is not sufficient to rise to the standards of a constitutional claim. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986). In the context of habeas corpus, the Fifth Circuit has explained that violations of state law alone do not provide grounds for relief in federal court, because federal habeas corpus is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure. Manning v. Warden,

---

[1] To the extent that Kimbrough asserts that he was assaulted while in handcuffs, this contention does not set out a valid claim for habeas corpus relief. The Court offers no opinion as to the merits of any civil rights claims which Kimbrough may have concerning this alleged assault. *See* Cook v. Hanberry, 596 F.2d 658, 660 and n.1 (5th Cir. 1979); Pierre v. U.S., 525 F.2d 933, 936 (5th Cir. 1976).

Louisiana State Penitentiary, 786 F.2d 710, 711 (5th Cir. 1986). Thus, even if the prison officials violated TDCJ rules, this alone does not provide a basis for federal habeas corpus relief. Kimbrough's objection on this point is without merit.

Kimbrough further says that although the Magistrate Judge stated that his lack of a mandatory supervision release date meant that his release was too speculative to give rise to a protected liberty interest, in fact the Supreme Court has held that all prisoners potentially eligible for parole have a protected liberty interest of which they may not be deprived without due process. In support of this assertion, he does not cite a Supreme Court case; instead, Kimbrough refers to a case called "Newbury v. Prison Review Board," for which he gives the reference of 831 F.2d 565 (5th Cir. 1987). However, the case found at that page reference is called Scales v. Mississippi State Parole Board. This case held that under Mississippi law, the parole board had absolute discretion in awarding parole, and so prisoners had no constitutionally recognized liberty interests in parole creating a due process entitlement. Similarly, the Fifth Circuit has held that under Texas law, there is no constitutionally protected liberty interest in obtaining parole. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); *see also* Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). While there may be a liberty interest in release on mandatory supervision, Kimbrough is not eligible for release on mandatory supervision. His objection on this point is without merit.[2]

Kimbrough goes on to complain that his classification hearing was not unrelated to his disciplinary hearing, when in fact the hearings were related. However, Kimbrough has not shown that either his classification hearing or his disciplinary hearing resulted in a deprivation of a constitutionally protected liberty interest. His objection on this point is without merit, as is his

---

[2]The case named by Kimbrough, Newbury v. Prisoner Review Board, comes from the Seventh Circuit and is found at 791 F.2d 81 (7th Cir. 1986). That case construed Illinois law and concluded that while the petitioner had a limited interest in release on parole, he did not have a right to have all three members of the Prisoner Review Board who voted on his application for parole to be present at his hearing. The case has no applicability to Kimbrough's claims.

concluding contention that he is entitled to have a certificate of appealability issue because reasonable jurists could differ as to the merits of his claims.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 6) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Donald Kimbrough is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 20th day of December, 2012.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**